841 A.2d 927 (2004)
366 N.J. Super. 519
In re PRECLUSION OF Hudson P. BRICE.
In re Preclusion of Aegis Security Insurance Company.
In re Preclusion of Sirius America Insurance Company.
Superior Court of New Jersey, Appellate Division.
Argued December 16, 2003.
Decided February 13, 2004.
*928 Samuel M. Silver, North Brunswick, argued the cause for appellants (Mr. Silver, Ted Del Guercio and Carol Ann Zanoni, on the briefs).
Melissa E. Hager, Deputy Attorney General, argued the cause for respondent (Peter C. Harvey, Attorney General, attorney; Patrick DeAlmeida, Deputy Attorney General, of counsel; Ms. Hager, on the briefs).
Before Judges PRESSLER, CIANCIA and ALLEY.
The opinion of the court was delivered by PRESSLER, P.J.A.D.
These three bail forfeiture appeals, which we consolidate for purposes of this opinion, are companion cases to the consolidated appeal in State v. Simpson, 365 N.J.Super. 444, 839 A.2d 896 (App.Div. 2003).
Appellants are Aegis Security Insurance Company, Sirius America Insurance Company, and Hudson P. Brice, who asserts that he is an authorized agent of Aegis or Sirius. Aegis, Sirius, and Brice appeal from the action of the Clerk of the Superior Court removing them, pursuant to R. 1:13-3(e), from the bail registry required to be maintained pursuant to R. 1:13-3(d). All three appellants make the identical arguments, which we rejected in State v. Simpson, supra, respecting asserted lack of due process and the Supreme Court's asserted lack of authority to have adopted the de-listing provisions of R. 1:13-3(e). We adhere to our decision in that case and again reject these arguments.
Each of the three appellants, however, raise an additional argument that we did not consider in Simpson. In sum, as we explained in Simpson, the de-listing of the agent or bondsman for a surety company that does not pay a bail forfeiture judgment is the technique by which the surety is de-listed. The agent, however, remains free to act as agent for any other bail surety company that has not been delisted. R. 1:13-3(e) excepts from that scheme the agent who wrote the forfeited bond and whose surety company has not paid the forfeiture judgment. That agent may not write bonds for any other company until the judgment is paid. Appellants argue that that consequence contravenes the ordinary rule of agency law that a disclosed agent is not liable for his principal's default on contractual obligations. See, e.g., Stopford v. Boonton Molding Co., Inc., 56 N.J. 169, 187, 265 A.2d 657 (1970); African Bio-Botanica, Inc. v. Leiner, 264 N.J.Super. 359, 363-364, 624 A.2d 1003 (App.Div.), certif. denied, 134 N.J. 480, 634 A.2d 527 (1993). They also argue that the *929 de-listing deprives the agent of substantive due process. We disagree.
Following oral argument, we afforded the parties the opportunity to provide us with additional information respecting the contractual relationship between the surety company and the agent and for such additional documentation as was relevant and to comment thereon. Considering the agent's undertaking to the court in executing the bail bond, his contractual undertakings in executing his agency agreement, and, as well, N.J.S.A. 17:31-10 to -15, adopted and effective on January 2, 2004, we are now satisfied that as a matter of contract, statute, and public policy, the agent who wrote the forfeited bond is, contrary to usual agency principles, responsible for the contractual default of his principal, at least to the extent of being precluded from writing any additional bonds until the bail forfeiture judgment is paid.
Appellant Brice, as agent for Sirius, the surety company,[1] executed an approved form of New Jersey Bail Recognizance for the defendant Lisa A. Allen in the amount of $2,000 on June 21, 2002, to secure her appearance in court as required. Allen failed to appear as required on August 6, 2002. Insofar as we can determine from this record, she remains a fugitive. A default judgment of forfeiture was entered on notice to Sirius and Brice. Neither moved at any time to set aside the judgment or for remission. The judgment was not paid, and consequently Sirius and Brice were both removed from the bail registry on March 28, 2003.[2]
The approved form of recognizance includes the conditions of the recognizance, which expressly bind all the parties to the recognizance. We think it plain that the parties include the defendant, the surety company and the agent/bondsman. The first provision of the conditions requires that:
The defendant must personally appear at all court proceedings until the final determination of the matter, unless otherwise ordered by the court.... On a breach of a condition of the Recognizance, the court may forfeit the bail on its own or the prosecuting attorney's motion and a judgment of default may be entered.
Although this condition does not expressly identify the persons against whom the judgment may be entered, we are satisfied that those persons include the agent/bondsman who bound himself by executing the bond. Not only does the agent bind himself by executing the bond, but we also point out that the set of specific instructions issued by the Administrative Director of the Courts for the preparation of the approved bail-bond form defines a bail bond as a "written undertaking, by and between the State, defendant and surety, that the defendant will appear at any required court proceedings, comply with the conditions of bail, and that if the defendant fails to do so, the signers of the bond will pay to the court the amount of money specified in the court order setting bail." (Emphasis added.) Clearly, "signers" of the recognizance form include the agent, who thereby must be deemed to have agreed to accept liability. As Justice *930 Francis noted in Stopford v. Boonton, supra, 56 N.J. at 187, 265 A.2d 657, "[o]f course, an agent may make himself individually responsible by engaging expressly to perform his principal's obligation...." We are satisfied, in view of the bond conditions and the quoted instructions, that the agent's signature on the bond constitutes such an engagement.
Despite the foregoing, appellants argue that the signature of the agent/bondsman is only as an agent, creating no independent source of liability. Even if that proposition were valid, we are satisfied that Brice's independent liability is established by his agreement with Sirius, which was submitted to us at our specific request.[3] Paragraph 3(a) of the agreement imposes upon the agent/bondsman the duty to "see to it the persons bonded appear in court when required...." Paragraph 8 of the agreement, captioned "Risk Allocation;Indemnity," provides in paragraph (d) that if the agent/bondsman violates the agreement or "any other obligation" he has undertaken and owes to the principal, he is obliged to indemnify the principal for its losses resulting therefrom. And, even more specifically, by paragraph 15, captioned "Forfeitures" the agent/bondsman agrees that upon breach of any obligation imposed upon him by the agreement, he "shall be financially responsible for the payment of any and all summary judgments of same." We think it plain, therefore, that even if the form of recognizance bond, together with its conditions and instructions, did not impose individual liability on the agent, his own agreement with his principal did.
Finally, following oral argument on these appeals but prior to the date fixed for filing by the parties of their supplemental submissions, the Legislature, on January 2, 2004, enacted P. 2003, c. 202, codified as N.J.S.A. 17:31-10 to -15 and effective that date, addressing, inter alia, the duties and obligations of the agent/bondsman. N.J.S.A. 17:31-11a expressly provides that if a bail agent or agency
has failed to satisfy a judgment or judgments for forfeited bail, the commissioner [of insurance] shall notify the bail agent or agency that its authority to negotiate, solicit or sell bail bonds, or be affiliated in any manner with the execution of bail bonds in this State shall be temporarily suspended.... The temporary suspensions imposed in accordance with this section shall remain in effect until the Clerk of the Superior Court notifies the commissioner that the surety company or bail agent or agency ... has satisfied the judgment or judgments for forfeited bail.
We regard the statute as confirming the validity of R. 1:13-3(e) insofar as it requires the de-listing of the agent until payment of the judgment.
We are also persuaded that the imposition of this obligation and the consequence of non-compliance on the agent accords with the demands of public policy. It is the agent, not the surety, who determines which risks he will accept and those defendants for whom he will write bonds. By writing the bond, he undertakes to assure the defendant's appearance, and the corollaries of that obligation are his duty to monitor and supervise the defendant after his release on bail and to recapture him *931 should he fail to appear. Were we to accept Brice's argument that no personal liability can attach despite his non-compliance with these duties, despite his individual undertaking to the court, and despite his unilateral decision to accept poor risks, there would be no penalty for his non-compliance and no incentive to his performance of his ultimate obligation of producing the defendant in court and recapturing him if he fails to appear. Those consequences are unacceptable if we are to maintain the integrity and function of the bail-bond system.
As a final matter, we note that Sirius and Aegis raise the same arguments respecting the individual liability of the agent that Brice does. Because we have consolidated these appeals, we regard the question of their standing to raise these issues as moot. We do however note, in response to their expressed concern for the effect of de-listing on the livelihood of their agents, that the accommodation of this concern lies in their own hands. They need merely pay the judgments properly entered against them.
The action of the Clerk of the Superior Court in de-listing appellants is affirmed.
NOTES
[1] The designation of Sirius as the insurance company read "Sirius American Insurance Co., c/o Capital Bonding Corporation" and gave a Reading, Pennsylvania address.
[2] While the record does not indicate how many bail bonds written by Brice were forfeited and the judgments not paid, the summary prepared by the Superior Court Clerk's Office as of February 18, 2003, a month before Sirius was de-listed, showed that there were then 184 unpaid judgments of forfeiture against it in the total amount of $1,880,437.
[3] Although Brice executed the Allen bond as agent for Sirius, his agency agreement is with Capital Bonding Corporation which, as we noted in Simpson, supra, is the program administrator for Sirius among others. Because the terms of his agency agreement are concededly those set forth in the Capital Bonding agreement, we need not further address the relationship between Sirius and Capital Bonding.